THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| GREGORY SAXON ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | |
| ) | _____ |
| TALMADGE ROYAL ) | |
| d/b/a SNO FROST, ) | CV414-089 |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW, Gregory Saxon, Plaintiff in the above-referenced cause of action, and hereby files this Complaint, showing in support as follows:

1.

This is an action under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* (hereinafter the "Fair Labor Standards Act" or "FLSA"). The plaintiff is seeking payment for hours and overtime worked, and liquidated damages that he was deprived of due to the Defendant's violations of the Fair Labor Standards Act. Additionally, Plaintiff seeks reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

1

## JURISDICTION

2.

Count I of this action arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b). Jurisdiction is based on 28 U.S.C. § 1331 (federal question).

## VENUE

3.

All parties are located within the Southern District of Georgia, Savannah Division. Further, the acts complained of took place within this District and Division. Therefore, proper venue for this action lies within the Southern District of Georgia, Savannah Division.

## PARTIES

4.

Plaintiff GREGORY SAXON is a former employee of Defendant TALMADGE ROYAL d/b/a SNO FROST. Plaintiff was an employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(e)(1).

5.

Defendant TALMADGE ROYAL d/b/a SNO FROST is an employer within the meaning of 29 U.S.C. § 203(d) of the Fair Labor Standards Act. Specifically, Defendant provides interstate delivery services of ice cream.

## FACTUAL ALLEGATIONS

6.

Plaintiff was employed as a delivery driver for Defendant TALMADGE ROYAL d/b/a SNO FROST from on or about June 1, 2012, to July 26, 2013.

7.

During his employment, Plaintiff was an employee who was engaged in interstate commerce, engaged in the production of goods for interstate commerce and / or employed in an enterprise engaged in interstate commerce or in the production of goods for interstate commerce.

8.

During the time that Plaintiff was employed by Defendant, he worked and was not duly compensated for, a significant number of overtime hours.

9.

The Defendant willfully failed to comply with the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207, specifically by failing to pay Plaintiff for approximately 1,180 hours of overtime work during the approximately 59 weeks of his employment.

## COUNT I

### VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

### NON-PAYMENT OF OVERTIME WAGES

10.

Plaintiff hereby re-alleges paragraphs 1-9 as though fully set forth herein.

11.

Defendant willfully failed to compensate Plaintiff for overtime from June 2012 through July of 2013.

12.

Defendant, by such failure, willfully violated the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests this court enter judgment in favor of the Plaintiff and against the Defendant, for:

(1) All amounts of overtime wages that Plaintiffs should have received under the Fair Labor Standards Act but for Defendant's willful violation of his rights, plus an equal amount in liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b); and

(2) All reasonable costs and attorney's fee pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

Respectfully submitted, this __6th__ day of May, 2014.

THE BROWN FIRM, LLC

/s/ Sherri N. Watts
Sherri N. Watts
Georgia Bar No. 176868
1 Diamond Causeway
Ste. 21, #289
Savannah, Georgia 31406
(912) 401-0467
F: (888) 778-3560
sherri@harrybrownlaw.com

5