FILED
U.S. DIST...
SA...
2014 JUL 23 AM 11:45
CLERK
S.D. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| GREGORY SAXON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. CV414-089 |
| | ) | |
| TALMADGE ROYAL, d/b/a Sno Frost, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the parties' Notice of Dismissal. (Doc. 12.) In this document, Plaintiff seeks to voluntarily dismiss his case, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i),[1] so that he can "engage in good faith settlement discussions with Defendant's putative counsel." (Doc. 12 ¶ 2.) Normally, parties are free to voluntarily dismiss their cases. Plaintiff's complaint, however, alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. (Doc. 1 ¶¶ 10-12.)

The Eleventh Circuit Court of Appeals has recognized only two procedures for employees to settle or otherwise compromise FLSA claims. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982). First, the

---

[1] At Plaintiff's request, Defendant is currently in default for failing to file either an answer or motion to dismiss in this case. (Doc. 11.)

Secretary of Labor is authorized under 28 U.S.C. § 216(c) to approve a settlement of FLSA claims and oversee the employer's payment of wages owed to employees. Lynn's Food Stores, 679 F.2d at 1353. Any employee electing to pursue his claims through the Secretary of Labor waives his right to seek relief in federal court for any unpaid wages or liquidated damages, so long as the employer fully compensates the employee for the unpaid wages. Id. Second, an employee can settle FLSA claims that are part of a lawsuit brought by the employee against the employer pursuant to 28 U.S.C. § 216(b). Lynn's Food Stores, 679 F.2d at 1353.

Plaintiff has elected the second option, filing a suit directly against his employer alleging violations of the FLSA. Because Plaintiff contends that the purpose of dismissal is to attempt to negotiate a settlement in this case, the Court is hesitant to allow Plaintiff to dismiss his case. Importantly to all involved, the settlement of any FLSA claim outside of either of the two procedures outlined in Lynn's Food Stores would fail to have any legal effect. Quite simply, the FLSA does not permit adversarial parties resolve FLSA claims by entering into private settlement agreements outside the context of either an existing lawsuit or the auspices of the Secretary of Labor.

See Lynn's Food Stores, 679 F.2d at 1354. Therefore, Plaintiff's request that this case be dismissed must be denied because any attempt to negotiate a settlement of Plaintiff's FLSA claims must be made in the context of a federal lawsuit and gain approval of the Court.

As a word of warning, both parties in this case appear to be wandering aimlessly in the Cretan Labyrinth hoping to avoid the Minotaur. Plaintiff failed to properly place Defendant in default after two separate attempts (Doc. 7; Doc. 9), finally finding success on the third (Doc. 10). Moreover, Plaintiff's attempt to voluntarily dismiss this case and enter into settlement negotiations evinces a disconcerting lack of understanding of the statutory framework regarding the very claims he is seeking to advance. Of course, Defendant's failure to even answer Plaintiff's complaint, which eventually landed him in default, needs no colorful language to describe the complete lack of advocacy on his behalf.

Given the state of affairs, the Court will attempt to provide the parties with a ball of string to guide them through their encounter. As an initial matter, the Court strongly recommends that Defendant retain legal counsel—a guide to assist him in navigating through the complexities of the FLSA. As for Plaintiff, the Court suggests that he

review the law concerning default judgments, starting with Federal Rule of Civil Procedure 55, and the settlement of FLSA claims, starting with Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982). The Court notes that these suggestions are mere points of embarkation and not meant to convey all the relevant legal analysis necessary to effectively advocate in this case.

For the reasons discussed above, Plaintiff's Notice of Dismissal (Doc. 12) is **DENIED**. Because Plaintiff appears to be in contact with Defendant's putative[2] counsel, Plaintiff is **DIRECTED** to serve a copy of this order on Defendant and provide the Court notice of that service. Should the parties agree to settle their case, they are **DIRECTED** to file, within fourteen days of any settlement, a copy of their proposed agreement for this Court's review. Also, the Court once again suggests that, prior to

---

[2] Plaintiff's use of the word putative to describe Defendant's counsel leads this Court to suspect that Defendant has not retained counsel, but is instead acting on his own behalf. Should that be the case, it only reinforces the Court's decision not to dismiss this case to allow the parties to negotiate because any unapproved settlement compromising Plaintiff's FLSA claim would not absolve Defendant of potential liability. In other words, the parties can enter into an unapproved settlement agreement, but Plaintiff would still be permitted to file suit against Defendant for the very same FLSA violations. This also highlights the danger posed by Defendant attempting to navigate such a complex statutory framework without the assistance of counsel.

4

submitting their proposed agreement, the parties review Lynn's Food Stores to determine if their agreement is a proper settlement of Plaintiff's FLSA claims.

SO ORDERED this 23rd day of July 2014.

*[signature: W.T. Moore]*

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA