THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| GREGORY SAXON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) |
| TALMADGE ROYAL | ) 4:14-CV-089-WTM-GRS |
| d/b/a SNO FROST, | ) |
| | ) |
| Defendant. | ) |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF ACTION

Plaintiff and Defendant respectfully request that the Court, after proper review of the settlement reached between them, approve the settlement and dismiss this action with prejudice. As grounds therefor, the parties show as follows:

1.

Following the Court's direction in its Order dated July 23, 2014 (Doc. 13), the parties report that they have negotiated a resolution of this matter. The terms negotiated are as follows:

(a) Plaintiff's claim for payment of overtime will be resolved by the payment, by the Defendant, to the Plaintiff in the amount of $12,500.00, representing payment for overtime and an equal additional sum. The specifics of this payment are itemized further in this motion.

(b) Subsequent to the resolution of the Plaintiff's claim for overtime, the parties negotiated and agreed to the payment to Plaintiff's counsel of reasonable attorney's fees in the amount of $4,045.84. An itemization of such payment is provided herein.

(c) The action against the Defendant will be dismissed with prejudice.

1

(d) The payments made to the Plaintiff by the Defendant are not an admission of liability, all of which is denied. The settlement as provided herein being made to buy peace and settle doubtful and disputed claims.

2.

With the exception of the payments provided herein, that is payment to the Plaintiff and payment to Plaintiff's counsel, each party shall bear all other costs and expense they may have incurred or suffered in connection with this action.

3.

The parties suggest that the settlement of this matter is reasonable, fair and represents full payment for the alleged overtime worked by Plaintiff. Plaintiff alleges in his Complaint that he worked approximately 1,180 hours of overtime worked over the course of 59 weeks, suggesting that he worked 20 hours of overtime, every week, for 59 weeks straight. *See* (Complaint ¶9).

Defendant disputes this allegation. Defendant's payroll records with respect to the Plaintiff show that Plaintiff's term of employment ran for a period of approximately fifty-five (55) weeks, and that Plaintiff was absent from work for sickness and for other reasons approximately 30 days. Plaintiff worked as a route delivery driver for frozen dairy products provided by the Defendant to numerous businesses such as convenience stores and the like in areas surrounding Bryan County, Georgia. Plaintiff was initially paid $100.00/day for his work for the first two (2) months and after that period was paid $110.00/day. Plaintiff asserted that he worked a number of hours. Defendant responded that the routes were different each day of the week and seasonal variation in sales called for time worked to be more or less. As a result, Defendant disputed that Plaintiff worked twelve (12) hours a day or more. Defendant further

observes that Plaintiff's allegations of a twelve (12) hour day fail to account for meal and other time off during the day.

Plaintiff alleges that he may have agreed to work for $550.00 per week for 45-50 hours max but not for 60 hours per week. Plaintiff contends that this negates the clear understanding that is required under 29 C.F.R. 778.114, along with the fact that he was never paid his salary rate when hours dropped below 40. Therefore, plaintiff asserts that his overtime rate should be calculated at the time and a half rate. Defendant disagrees and submits that 29 C.F.R. § 778.112 governing "Day rates and job rates" controls instead. The Parties have agreed to compromise these disputes as further set forth below.

4.

The parties further disputed the appropriate rate for payment. Despite these factual disputes, the parties have agreed to resolve the claims as stated above. The parties respectfully suggest that the settlement is fair; complies with the requirements of *Lynn Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th. Cir. 1982) and reflects a reasonable compromise over issues that are actually in dispute.

5.

The Parties have agreed, for the purposes of settlement, to calculate Plaintiff's payment using 29 C.F.R. § 778.112 governing "Day rates and job rates." The Fifth Circuit Court of Appeals opinion in the case of *Dufrene v. Browning-Ferris, Inc.* illustrates how overtime calculations under 29 C.F.R. § 778.112 should be made:

> "The overtime compensation [under 29 C.F.R. 778.112] is calculated as follows: Employees are given their day rate and it is multiplied by the number of days worked to determine the amount of compensation due [for the week]. The total amount of compensation is then divided by the total number of hours worked to derive the hourly rate. The hourly rate is then divided by 2 and

3

that amount is multiplied by the number of overtime hours. This calculation yields the total amount to be paid in overtime."

*Dufrene v. Browning-Ferris, Inc.*, 207 F.3d 264, 266 (5th Cir. 2000).

For the limited purpose of calculating a settlement amount, the parties have assumed that Mr. Saxon was paid $550 per week (at his rate of $110 per day for 5 days a week) and that he actually worked 65 hours every week for 59 weeks. On these assumed facts, Mr. Saxon's regular rate under 29 C.F.R. § 778.112 would be $8.46 per hour. ($550/65 = $8.46). *See Dufrene*, 207 F.3d at 266. The overtime premium would be $4.23. ($8.46/2 = $4.23). *See id.* The amount of overtime still owed for the 25 hours of overtime in a given week would be $105.75. *See id.* Thus, at most, Mr. Saxon would have actual damages in the amount of $6,239.25. ($105.75 X 59 =$6,239.25). While Defendant denies that Plaintiff would be able to double his damages under 29 U.S.C. § 216, doubling $6,239.25 equals $12,478.50. Accordingly, the Parties submit that their proposed settlement amount of $12,500 is fair and reasonable.

6.

The parties represent to the Court that the settlement of Plaintiff's claims was performed without agreement as to attorney's fees which are paid separately as provided below.

7.

Plaintiff's counsel seeks and Defendant agrees to pay reasonable attorney's fees of $4,045.84 based on approximately 18.74 hours of work at rates of $250/hour and $150/hour. The work includes the initial preparation of the Complaint, a number of conferences with the Plaintiff, review of delivery tickets, all payroll records and calculations of overtime, together with research as to applicable statutes and regulations, including the regulation cited above as well as 29 CFR § 778.114.

8.

Upon approval by the Court, the parties will implement this settlement agreement by proper payments and respectfully request that the Court dismiss the action with prejudice.

Respectfully submitted, this 20th day of January, 2015.

THE BROWN FIRM, LLC

/s/ Harry W. Brown, Jr.
HARRY W. BROWN, JR.
Georgia Bar No. 901402
*Counsel for Plaintiff*

1 Diamond Causeway
Suite 21, #289
Savannah, Georgia 31406
(912) 401-0467
(888) 778-3560
harry@harrybrownlaw.com

BOUHAN FALLIGANT LLP

/s/ Leamon R. Holliday III
LEAMON R. HOLLIDAY III
Georgia Bar No. 362500
*Attorney for Defendant*

Post Office Box 2139
Savannah, Georgia 31402-2139
(912) 232-7000 (voice)
(912) 233-0811 (facsimile)
lrholliday@bouhan.com